UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| TYRONE BRISCOE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 12-213-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| S. WITHERS, Warden | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Tyrone Briscoe is a prisoner confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without counsel, Briscoe has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1], and a motion to waive payment of the filing fee. [Record No. 2] The matter is before the Court for screening. 28 U.S.C. §2243.

The Court will grant Briscoe's motion to proceed *in forma pauperis*. The financial documentation filed in support of the motion shows that Briscoe earns $5.25 each month through his employment with the prison. [Record No. 3] Additionally, $414.35 has been deposited into his inmate account in the last six months. [*Id.*] However, the last outside deposit was made on July 21, 2012, and his current balance is $0.60. [*Id.*] Therefore, the Court concludes that Briscoe has insufficient funds to pay the filing fee in this action.[1]

---

[1] The requirements of 28 U.S.C. § 1915(a)(2) do not apply in this habeas proceeding. *Cf. McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). Instead, a "prisoner seeking leave to proceed in forma pauperis in a habeas corpus action must file a fully completed Application to Proceed Without Prepayment of Fees or a motion and affidavit that includes the same information." L.R. 5.3(a)(1).

-1-

However, the Court will dismiss Briscoe's petition. The Court reviews habeas petitions filed under section 2241 to determine whether the petition establishes viable grounds for relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases (applicable to Section 2241 petitions under Rule 1(b)); *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). If it appears from the face of the petition that relief is not warranted, the Court may summarily deny the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001).

Briscoe was convicted of "murders, assaults and gun counts" in the District of Columbia Superior Court. [Record No. 1, p. 2] He alleges that, during the direct appeal of his criminal conviction, the District of Columbia Court of Appeals forced him to file an appellate brief without the aid of counsel, and that the government "failed to challenge Mr. Briscoe['s] conviction on 7-11-2001."[2] [*Id.*, p. 5] Briscoe fails to sufficiently explain the grounds for his petition or identify the relief sought. [*Id.*, p. 8] Despite these deficiencies, the Court must deny Briscoe's petition because he has failed to demonstrate his entitlement to an adjudication on the merits of his claims under 28 U.S.C. § 2241.

Briscoe is in a unique position because he was convicted in the District of Columbia. A person in custody pursuant to a State court judgment may collaterally attack his conviction or sentence under 28 U.S.C. § 2254. However, a prisoner in federal custody pursuant to a judgment of the D.C. Superior Court "cannot seek relief pursuant to Section 2254." *Ford v. Rios*, No. 08-

---

2   Here, Briscoe apparently challenges the government's failure to respond to his pro se filing on direct appeal. [*See* Record No. 1, p. 1.] *See also Briscoe v. Wagner*, No. 10 0710, 2010 U.S. Dist. LEXIS 46521, at *2 (D.D.C. May 5, 2010) (dismissing Briscoe's § 1983 complaint against Assistant United States Attorneys).

196-ART, 2009 WL 511136, at *3 (E.D. Ky. Mar. 2, 2009). Instead, 28 U.S.C. § 2241 provides the only federal court remedy available to a prisoner convicted under the District of Columbia Code ("D.C. Code").

However, Briscoe's claims are not cognizable under 28 U.S.C. § 2241. A petitioner seeking a writ of habeas corpus pursuant to § 2241 may generally only challenge the execution of his sentence, whereas 28 U.S.C. § 2255 provides the correct avenue to challenge the legality of a federal conviction. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). Because Briscoe was convicted under the D.C. Code, not federal law, he "must challenge the legality of his conviction or sentence by filing a post-conviction motion under D.C. Code § 23-110."[3] *Totten v. Ives*, No. 12-23-GFVT, 2012 WL 1409667, at *1 (E.D. Ky. Apr. 23, 2012). Thus, "[f]ederal courts . . . are generally without jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the D.C. Superior Court." *Ford v. Wiley*, 168 F. App'x 877, 880 (11th Cir. 2006). Despite this, a prisoner may challenge his conviction under 28 U.S.C. § 2241 instead of D.C. Code § 23-110 under certain circumstances. The "savings clause" contained in D.C. Code § 23-110, which is similar to that found in 28 U.S.C. § 2255, provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g); *see* 28 U.S.C. § 2255(e).

---

3    D.C. Code § 23-110 is, as Briscoe concedes, essentially the equivalent of 28 U.S.C. § 2255. [*See* Record No. 1, p. 3]

Briscoe fails to establish — or even allege — that his remedy under D.C. Code § 23-110 would be inadequate or ineffective.[4] [*See* Record No. 1, p. 3] The Court notes that Briscoe is aware of the standard that must be met to proceed under 28 U.S.C. § 2241 because he has previously filed two petitions, both of which were denied on the same grounds. In the most recent action filed on April 25, 2007, Briscoe asserted substantially the same claims as he does in the petition currently before the Court, albeit in much greater detail. *See Briscoe v. Rios*, No. 07-CV-075-GFVT, 2007 WL 1577778, at *1-2 (E.D. Ky. May 31, 2007). In that proceeding, Judge Van Tatenhove of this Court found that Briscoe "failed to carry his burden of demonstrating the ineffectiveness or inadequacy of a collateral attack" under D.C. Code § 23-110, and dismissed Briscoe's petition. *Id.* at *3 (noting that "[t]wo courts have already told Briscoe that a remedy is not considered inadequate or ineffective simply because the requested relief has been denied"). The Court concludes that Briscoe has again failed to show that he is entitled to proceed under 28 U.S.C. § 2241. Accordingly, it is hereby

**ORDERED** as follows:

1.   Briscoe's motion to waive payment of the filing fee [Record No. 2] is **GRANTED**.

2.   Briscoe's petition [Record No. 1] is **DENIED**.

---

4   The Court has an obligation to liberally construe the allegations in a petition filed by a person proceeding without counsel, but it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("[P]ro se parties must still brief the issues advanced with some effort at developed argumentation." (internal quotation marks omitted)); *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003) ("[W]hile the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged.").

  3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

  4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

  This 19th day of October, 2012.

Signed By:
*Danny C. Reeves* DCR
United States District Judge